RENDERED:  NOVEMBER 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0050-MR

DOWARD HEATH MCCALL                                    APPELLANT

v.

APPEAL FROM CARTER CIRCUIT COURT
HONORABLE REBECCA K. PHILLIPS, JUDGE
ACTION NO. 13-CI-00174

LONICA L. MCCALL
(NOW CLARK)                                             APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; TAYLOR AND L. THOMPSON, JUDGES.

CLAYTON, CHIEF JUDGE:  Doward Heath McCall ("Heath") appeals from the Carter Family Court's findings of fact and conclusions of law which denied his motion to be designated the primary residential custodian and to modify time-sharing of his children with his ex-wife, Lonica L. McCall, now Clark ("Lonica").

Heath argues that the family court applied the wrong statutory standard in making its determination and ignored evidence of improper behavior by the children's stepbrother. Because we agree that the family court applied the wrong standard in deciding Heath's motion, we vacate its findings of fact and conclusions of law and remand for new findings under the appropriate standard.

Heath and Lonica were married on June 12, 2009. They have two daughters, A.M. and M.M., who were aged thirteen and nine respectively at the time of the evidentiary hearing in this case. Lonica filed a petition for dissolution of marriage on June 6, 2013, and a decree of dissolution was entered on August 26, 2013. The parties agreed to joint custody of the children with Lonica designated as the primary residential custodian.

In March 2020, Lonica married Chuck Clark. Chuck has a son who was eleven years of age at the time of the hearing. He and his son reside in the same home with Lonica, M.M., and A.M.

On August 14, 2020, Heath filed a motion requesting designation as the primary residential custodian and limiting Lonica to guideline time-sharing. In the accompanying affidavit, Heath stated that since the dissolution of their marriage, Lonica had been married three times and became engaged four times. He expressed concern that Lonica was providing a very unstable home life for their

daughters. He also alleged that she fabricated health scares for herself and the elder daughter, A.M., in order to generate community sympathy.

Following a hearing, the family court issued findings of fact and conclusions of law. The court found that Heath had "an issue" with Lonica remarrying, and noted that he himself is not married and has a live-in girlfriend. The court further found that Heath works regularly, leaves early for work at around 5 to 7 a.m. and occasionally works out of town. On these occasions, the children would be in the care of his girlfriend. The court found there was no testimony or evidence that Lonica was fabricating health scares or that she punished the children for complaining about moving husbands into the home. The court cited the testimony of the Director of Pupil Personnel for the Carter County Schools that neither M.M. nor A.M. has an issue with attendance or grades and that Heath did not deny these facts. The court noted A.M.'s testimony that she wants to spend more time at her father's home and M.M.'s testimony that she wishes everything to stay the same.

The family court denied Heath's motion to modify timesharing, concluding that "[p]ursuant to [Kentucky Revised Statutes ("KRS")] 403.340 Respondent [Heath] has not presented any evidence that the child's present environment may endanger seriously his/her physical, mental, moral or emotional health; or that custodian has placed the child with a *de facto* custodian."

Heath filed a motion to alter, amend, or vacate, on the grounds that the court should have applied the "best interests of the child" standard and had ignored testimony from A.M. that Chuck's son had behaved inappropriately towards her. He also filed a motion for additional findings of fact regarding this testimony. The trial court summarily denied the motions and this appeal by Heath followed.

Heath's first argument concerns the statutory standard applied by the family court in deciding his motion. The family court applied the standard found in KRS 403.340, the statute which governs the modification of a custody decree. But Heath was not seeking a modification of the decree which specified that he and Lonica shared joint custody of the children. He was seeking to become the primary residential parent "which would be a modification of timesharing under joint custody." *Pennington v. Marcum*, 266 S.W.3d 759, 768-69 (Ky. 2008). Heath was "asking the court to consider what is in the best interests of the child as to where and to what extent the child spends time, not that he become the sole decision-maker." *Id.* The applicable standard under these circumstances is found in KRS 403.320, which governs the modification of visitation.

KRS 403.320(3) provides: "The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral, or

emotional health." "[U]nder KRS 403.320(3), a court can modify timesharing if it is in the best interests of the child, but it can only order a 'less than reasonable' timesharing arrangement if the child's health is seriously endangered." *Layman v. Bohanon*, 599 S.W.3d 423, 429 (Ky. 2020).

The family court in this case evaluated the evidence for signs that the children's present environment seriously endangered their physical or emotional health. This factor would only come into play, however, if the court wished to modify timesharing to give Lonica a "less than reasonable" timesharing arrangement.

Accordingly, this matter is remanded for the family court to consider the evidence under the "best interests of the child" standard found in KRS 403.320(3) As to Heath's contention that the family court failed to consider and give sufficient weight to A.M.'s testimony about her stepbrother's behavior, on remand the family court will be given the opportunity to review this evidence again and decide if it is pertinent to its analysis.

For the foregoing reasons, the findings of fact and conclusions of law of the Carter Family Court are vacated and the matter is remanded for further proceedings in accordance with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

Robert W. Miller              Justin Criswell
Grayson, Kentucky            Grayson, Kentucky